[Cite as *State v. Alexander*, 2014-Ohio-510.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130171 |
| | | TRIAL NO. B-1201830 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| WALTER ALEXANDER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: February 14, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Hastings & Hastings LLC* and *Robert R. Hastings, Jr.*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}   The trial court in this case erred by imposing consecutive sentences without first making the findings required by law.  As a consequence, we must vacate the sentences and remand for resentencing.

{¶2}   Walter Alexander pleaded guilty to one count of sexual imposition, two counts of attempted rape, and one count of burglary.  The trial court sentenced him to 60 days for sexual imposition and to five years for each of the remaining three counts.  The court ordered that the sentences for attempted rape be concurrent with each other but consecutive to the sentence for burglary.  The aggregate prison term was 10 years and two months.

{¶3}   In his sole assignment of error, Mr. Alexander asserts that the trial court erred when it imposed consecutive sentences without first having made the findings required by R.C. 2929.14(C)(4).  The transcript of the sentencing hearing demonstrates that while the trial court provided some explanation for its sentence, it did not make the statutorily-mandated findings.  We therefore sustain the sole assignment of error.  We reverse the judgment of the trial court to the extent that it ordered consecutive sentences.  The matter is remanded so that the trial court can determine whether consecutive sentences are appropriate and, if so, to make the proper findings on the record.  In all other respects, the judgment of the trial court is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.


**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

2